**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re: | No. CV12-1497-PHX-FJM |
| Bashas' Inc., et al., | No. BK 09-16050-JMM |
| Debtors, | Adv. No. 12-AP-0226-JMM |
| | **ORDER** |
| Robert Kubicek Architects & Associates, Inc. | |
| Plaintiff, | |
| vs. | |
| Bashas Inc., | |
| Defendant. | |

Plaintiff Robert Kubicek Architects & Associates, Inc. moves for withdrawal of the reference in Adversary No. 12-AP-0226 ("Adversary Proceeding") (doc. 2).

This action originated when Plaintiff filed a complaint against Bruce Bosley, The Bosley Group, Inc., and Bashas' Inc., asserting claims for copyright infringement. See Robert Kubicek Architects & Assoc. Inc. v. Bosley, No. 11-CV-2112-DGC (Oct. 27, 2011 D. Ariz.) (doc. 1). In addition to monetary damages for infringement occurring from March 2007 through August 2009, id. ¶¶ 37, 39, 53, 85, plaintiff sought declaratory and injunctive relief against all defendants, declaring Plaintiff's rights and interests in the Copyrighted

1 Works, requiring destruction of all copies of the Copyrighted Works in defendants'
2 possession, and enjoining further infringement, id. ¶¶ 134-36.  Because Bashas had filed a
3 petition for bankruptcy protection on July 12, 2009, Bashas filed a motion to refer the claims
4 against it to the bankruptcy court.  Id. doc. 9.  Judge Campbell granted the motion and
5 ordered that "Plaintiff's Claim against Bashas' shall be severed in its entirety and the
6 Plaintiff's Claim against Bashas' only is referred to the Bankruptcy Court."  Id. doc. 26 at
7 2.

8        The Bankruptcy Court subsequently granted Bashas' motion to dismiss, concluding
9 that Plaintiff had not "filed claims for money damages either for pre-petition conduct, nor for
10 an administrative expense incurred during the chapter 11," and therefore "Plaintiff cannot
11 participate in any distribution of any kind, under Bashas' confirmed plan of reorganization."
12 In re Bashas' Inc., No. 09-BK-16050-JMM, Adv. No. 12-AP-00226-JMM (doc. 28).  The
13 Bankruptcy Court further held that it "is unable to grant Plaintiff any other or ongoing relief."
14 Id.

15        Plaintiff then filed a motion for clarification asking the Bankruptcy Court to clarify
16 whether its order also purported to dismiss and discharge Plaintiff's claim for damages for
17 post-petition conduct and request for injunctive and declaratory relief.  The Bankruptcy
18 Court denied the motion for clarification explaining only that, in light of Stern v. Marshall,
19 131 S. Ct. 2594 (2011), it would not "stray into deciding matters that are outside of its
20 limited jurisdictional power."  We construe this statement as the Bankruptcy Court's
21 recognition that it was without jurisdiction to consider Plaintiff's post-petition claims.  We
22 reject Bashas' argument that the Bankruptcy Court's order granting Bashas' motion to
23 dismiss rendered this motion to withdraw the reference moot.  The Bankruptcy Court could
24 not have dismissed claims that were beyond its jurisdiction.  Therefore, those claims remain
25 pending.

26     **IT IS ORDERED GRANTING** Plaintiff's motion to withdraw the reference as to
27 the remaining claims asserted against Bashas (doc. 2).

28        Because the remaining claims were originally presented in the action before Judge

- 2 -

1   Campbell, <u>Robert Kubicek Architects & Assoc. Inc. v. Bosley</u>, No. 11-CV-2112-DGC (Oct.
2   27, 2011 D. Ariz.), we encourage the parties to file a motion asking Judge Campbell to
3   transfer this action to him and consolidate these remaining claims with 11-CV-2112-DCG.
4   <u>See</u> LRCiv 42.1.

5         DATED this 23rd day of October, 2012.

*Frederick J. Martone*
Frederick J. Martone
United States District Judge