1  **WO**

2

3

4

5

6                    IN THE UNITED STATES DISTRICT COURT

7                       FOR THE DISTRICT OF ARIZONA

8

9  In re:                                    )    No. CV 12-01497-PHX-FJM
                                              )
10  Bashas' Inc., et al.,                     )    No. BK 09-16050-JMM
                                              )
11            Debtors,                         )    Adv. No. 12-AP-0226-JMM
                                              )
12  _____ )    **ORDER**
                                              )
13  Robert Kubicek Architects & Associates,)
   Inc.                                       )
14                                            )
             Plaintiff,                        )
15                                            )
   vs.                                        )
16                                            )
   Bashas' Inc.,                              )
17                                            )
             Defendant.                        )
18                                            )
   _____ )
19

20
        The court has before it defendant Bashas' Inc.'s motion to dismiss (doc. 14), plaintiff
21
   Robert Kubicek Architects & Associates, Inc.'s ("Kubicek") response (doc. 16), and Bashas'
22
   reply (doc. 19).
23
                                      **I**
24
        Kubicek is an architectural firm that formerly employed Bruce Bosley.  Even before
25
   hiring Bosley, Kubicek performed architectural work on Bashas' projects. Bosley eventually
26
   became the principal architect managing Bashas' work.  Bosley left Kubicek in 2007 and
27
   formed his own firm, The Bosley Group, taking with him other Kubicek employees and
28

1    setting off a string of litigation.

2        On July 12, 2009, Bashas' filed a voluntary petition for Chapter 11 bankruptcy

3    protection.  Kubicek was given notice but never filed a proof of claim.  Instead, on October

4    27, 2011, Kubicek filed the original Complaint in this action against both Bashas' and

5    Kubicek, alleging copyright infringement. Kubicek v. Bosley, CV-11-2112-PHX-DGC (the

6    "Bosley Action").  Kubicek alleged that Bosley and Bashas' willfully infringed and were

7    making unlawful use of Kubicek's copyrighted architectural plans and misappropriated other

8    proprietary materials in violation of 17 U.S.C. § 506(a) and common law.

9        On January 12, 2012, Judge Campbell granted Bashas' motion to refer the claims

10   against Bashas' to bankruptcy court, while retaining the claims against Bosley.  The

11   bankruptcy court eventually discharged Kubicek's pre-petition claims against Bashas', but

12   did not dismiss post-petition claims for damages and equitable relief.  Kubicek then filed the

13   instant action, asking us to withdraw the reference with respect to its post-petition claims

14   against Bashas'.  We granted that motion and Kubicek filed the amended Complaint now

15   before us (doc. 13).

16       In the meantime, Judge Campbell granted in part and denied in part Bosley's motion

17   for summary judgment in the Bosley Action (doc. 83) and the case went to trial.  The jury

18   found in favor of defendants on all claims, concluding that neither the Bosley Group nor

19   Bosley individually is liable to Kubicek for direct, contributory, or vicarious copyright

20   infringement (doc. 167).

21                                          **II**

22       In the present case, Kubicek asserts claims against Bashas' for direct and willful

23   infringement of copyrights and for contributory and vicarious liability for the infringing

24   conduct of The Bosley Group.  Given the jury verdict in the Bosley Action, finding that

25   Bosley is not liable for copyright infringement, Kubicek's current claims against Bashas' for

26   contributory and vicarious liability based on Bosley's infringing conduct are foreclosed.

27       With respect to Bashas' liability for direct copyright infringement, the first amended

28   Complaint generally alleges that Bashas' continues to retain infringing documents, refuses

1    to surrender such documents, and has used and/or made unauthorized copies of those

2    documents, all constituting ongoing infringements of Kubicek's copyrighted works and

3    misappropriation of its propriety materials. FAC §§ 54-55, 57. Kubicek seeks a declaration

4    resolving any question regarding the right, title and ownership interest in Kubicek's

5    copyrighted work.

6         Bashas' moves to dismiss, arguing that Kubicek has failed to identify any claims

7    against Bashas' for post-petition conduct.[1] Kubicek argues in response that its post-petition

8    claims cannot be pled with more particularity because information for more detailed factual

9    allegations is solely within the control of Bashas' and it has had inadequate opportunity to

10   conduct discovery.

**III**

12        Copyright protection applies to "original works of authorship fixed in any tangible

13   medium of expression," 17 U.S.C. § 102(a), including technical drawings and "architectural

14   works." Id. § 102(a)(5), (8). Registration of a copyrighted work is a prerequisite for

15   bringing a civil action for copyright infringement. 17 U.S.C. § 411(a). Receipt by the U.S.

16   Copyright Office of an application for registration is sufficient for purposes of initiating

17   litigation. Cosmetic Ideas, Inc. v. IAC/Interactivecorp, 606 F.3d 612, 619-21 (9th Cir. 2010).

18        To establish copyright infringement, a claimant must show (1) ownership of a valid

19   copyright, and (2) copying of protected elements of the copyrighted work. Feist Pub'l, Inc.

20   v. Rural Tel. Serv. Co., 499 U.S. 340, 361, 111 S. Ct. 1282, 1296 (1991).

21        We agree with Bashas' that Kubicek has failed to allege sufficient facts "to raise a

22   right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555,

23   127 S. Ct. 1955, 1965 (2007). A pleading that asserts only conclusions and formulaic

24   recitations of the elements of the cause of action is insufficient. See Ashcroft v. Iqbal, 556

25   U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009).

26

27        [1]In ruling on this Rule 12(b)(6) motion, we do not consider matters referred to by
     Bashas' that are outside the pleadings, with the exception of rulings in the Bosley Action of
28   which we take judicial notice.

1    Here, the majority of the allegations contained in the first amended Complaint involve

2    conduct that occurred between March 2007 and August 2009, before Bashas' Chapter 11

3    filing.  It is already established that pre-petition claims against Bashas' are discharged.

4    Therefore, we consider Bashas' claims related to post-petition conduct only.

5    Kubicek broadly alleges that Bashas' willfully infringed copyrighted architectural

6    plans and misappropriated proprietary materials, FAC ¶ 1; Bashas' "supplied the Bosleys

7    with [Kubicek] copyrighted and proprietary material from Bashas' own file," FAC ¶ 42; and

8    "Bashas' did not disclose, and actively concealed from [Kubicek], the fact they had acquired

9    copies and were making unauthorized and unlawful use of [Kubicek's] Copyrighted Works

10   and proprietary materials," FAC ¶ 44.  Kubicek argues that Bashas' has wrongfully copied,

11   used and retained copyrighted materials, but it fails to identify those materials and fails to

12   provide any details regarding how or when the materials were copied or used.

13   At a minimum, Kubicek must identify which materials it alleges were infringed and

14   allege that it has either registered those materials with the U.S. Copyright Office or applied

15   to that office for copyright registration.  Kubicek identifies only two architectural designs in

16   the Complaint that have registered copyrights—the design for "Food City by Bashas' Store

17   # 141, and "A New Bashas' Market Store" # 166.  FAC ¶ 37.  But it makes no claims that

18   Bashas' has infringed these copyrights.

19   Kubicek argues that it is unable to plead more specific facts regarding the

20   infringement because it has had inadequate opportunity to conduct discovery.  The claims

21   asserted against Bosley and Bashas' were originally filed almost two years ago.  The

22   bifurcated claims asserted against Bosley mirror the claims against Bashas'.  These claims

23   have been fully explored in the Bosley Action through discovery, jury trial, and now

24   judgment.  During these proceedings Kubicek certainly had sufficient opportunity to frame

25   its Complaint in such a way as to satisfy the minimal pleading standards of Iqbal.

26   But here there are no allegations that would support a claim for post-petition

27   infringement.  Kubicek identifies no instances of construction, remodeling, utilization or

28   copying of any specific architectural plan or other misappropriation of its proprietary

1  materials since the date of the Chapter 11 filing.  Instead, Kubicek's claims for both

2  copyright infringement and state law claims do not rise above the level of speculation.

3       **IT IS ORDERED GRANTING** Bashas' motion to dismiss (doc. 14).  The clerk shall

4  enter final judgment.

5       DATED this 7th day of May, 2013.

6

7  _Frederick J. Martone_

8  Frederick J. Martone
   Senior United States District Judge

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28