1   **WO**

2

3

4

5

6                    IN THE UNITED STATES DISTRICT COURT

7                      FOR THE DISTRICT OF ARIZONA

8

9   In re:                              )   No. CV 12-01497-PHX-FJM
                                         )
10  Bashas' Inc., et al.,                )   No. BK 09-16050-JMM
                                         )
11           Debtors,                    )   Adv. No. 12-AP-0226-JMM
                                         )
12  _____     )   **ORDER**
                                         )
13  Robert Kubicek Architects & Associates,)
    Inc.                                 )
14                                       )
             Plaintiff,                  )
15                                       )
    vs.                                  )
16                                       )
    Bashas' Inc.,                        )
17                                       )
             Defendant.                  )
18                                       )
    _____     )
19

20

21          The court has before it Kubicek's motion for reconsideration of our Order dated May

22  8, 2013 (doc. 22), in which we held that Kubicek had failed to state a claim against Bashas'

23  for either direct or contributory copyright infringement.

24          Kubicek's complaint asserted broad allegations that Bashas' willfully infringed

25  Kubicek's architectural plans and misappropriated proprietary materials, but it asserted no

26  facts to identify what copyrighted materials Bashas' infringed or how or when the materials

27  were copied or used.  The majority of the allegations in the complaint involved claims of

28  direct and contributory infringement that occurred before Bashas' Chapter 11 filing, all of

which were discharged in bankruptcy.  We concluded that there were no allegations in the complaint that would support a claim against Bashas' for post-petition direct or contributory infringement.  Kubicek challenges this conclusion in its motion for reconsideration, again referring to paragraphs in the complaint that only generally assert allegations involving unidentified "Copyrighted Works," with no reference to when or how these "Works" were infringed.  This is insufficient to state a claim, particularly regarding post-petition conduct.

Kubicek again complains that it was unable to plead with more particularity because it had an inadequate opportunity to conduct discovery.  It now asserts that it has obtained "newly discovered evidence" in the trial against The Bosely Group, Kubicek v. Bosely, CV-11-2112-PHX-DGC (the "Bosely trial"), putting it "in a position for the first time to plead with substantial detail the particulars of Bashas' infringing activities."  Motion at 5.  First, this "newly discovered" evidence allegedly came to light during the Bosely trial, almost a month before our ruling on Bashas' motion to dismiss.  Yet Kubicek never sought to amend its response to the motion before us.  Second, this "new" evidence still does not identify when the allegedly infringing actions occurred–an essential element in this case given that Bashas' liability is limited to post-petition conduct.  Third, the so-called new evidence was obtained from "knowledgeable former employees of Bashas' and Mr. Bosley himself," Motion at 4.  But there is no allegation that Kubicek was somehow prevented from timely obtaining this information.  Kubicek has been aggressively pursuing these claims against Bashas' and Bosely for years.  Evidence sufficient to support its claims would have been discovered with the exercise of reasonable diligence.

**IT IS ORDERED DENYING** Kubicek's motion for reconsideration (doc. 22).

DATED this 17th day of June, 2013.

_Frederick J. Martone_

Frederick J. Martone
Senior United States District Judge

- 2 -