**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re: | No. CV 12-01497-PHX-FJM |
| Bashas' Inc., et al., | No. BK 09-16050-JMM |
| Debtors, | Adv. No. 12-AP-0226-JMM |
| _____ | **ORDER** |
| Robert Kubicek Architects & Associates, Inc. | |
| Plaintiff, | |
| vs. | |
| Bashas' Inc., | |
| Defendant. | |

The court has before it defendant Bashas', Inc.'s motion for an award of attorney's fees (doc. 23), plaintiff Robert Kubicek Architects & Associates, Inc.'s response (doc. 28), and Bashas' reply (doc. 37).

**I**

Robert Kubicek Architects & Associates, Inc. filed this action against one of its former employees, Robert Bosley, Bosely's architectural firm, and Bashas', asserting violations of the Copyright Act, and federal and state anti-racketeering statutes. See Kubicek v. Bosley, 11-CV-2112-PHX-DGC ("Bosley Action"). The claims against Bashas' were

referred to the bankruptcy court where Kubicek's pre-petition claims against Bashas' were dismissed. Kubicek then filed the instant action, asking us to withdraw the reference with respect to its post-petition claims against Bashas'. We granted that motion and Kubicek filed an amended complaint against Bashas', asserting copyright claims, unjust enrichment, and claims for declaratory and injunctive relief. See (doc. 13). We ultimately granted Bashas' motion to dismiss all claims (doc. 20), and denied Kubicek's motion for reconsideration (doc. 27). Bashas' is the undisputed prevailing party.

Bashas' now requests attorney's fees and non-taxable costs in the amount of $109,866.81, pursuant to the Copyright Act, 17 U.S.C. § 505, and A.R.S. § 12-341.01. We conclude that an award of attorney's fees is appropriate under the Copyright Act and therefore do not address whether fees would also be available under A.R.S. § 12-341.01.

**II**

Prevailing parties are eligible for attorney's fees under the Copyright Act when "an award will further the purposes of the Act." Fantasy v. Fogarty, 94 F.3d 553, 558 (9th Cir. 1996). The Act's primary purpose is "to stimulate artistic creativity for the general public good." Twentieth Century Music Corp. v. Aiken, 422 U.S. 151, 156, 95 S. Ct. 2040, 2044 (1975). That purpose is also advanced when defendants present "a variety of meritorious copyright defenses." Fogerty v. Fantasy, Inc., 510 U.S. 517, 527, 114 S. Ct. 1023, 1029 (1994) ("Fogerty I") (stating that "a successful defense of a copyright infringement action may further the policies of the Copyright Act every bit as much as a successful prosecution of an infringement claim by the holder of the copyright").

A non-exclusive list of factors to consider in determining eligibility for an award of fees under the Copyright Act are "frivolousness, motivation, objective unreasonableness (both in the factual and in the legal components of the case) and the need in particular circumstances to advance considerations of compensation and deterrence." Id. at 534 n.19, 114 S. Ct. at 1033 n.19. "While no longer a prerequisite to a fee award, the 'objective unreasonableness' . . . of a losing party's claim can be a relevant indicator of whether the Act's primary objective is being served by the litigation." SOFA Entm't, Inc. v. Dodger

1   Prods., Inc., 709 F.3d 1273, 1280 (9th Cir. 2013) (quoting Fogerty I, 510 U.S. at 534 n.19,
2   114 S. Ct. at 1033 n.19).

3   We concluded in our order granting Bashas' motion to dismiss that "Kubicek's claims
4   for both copyright infringement and under state law "do not rise above the level of
5   speculation." (Doc. 20 at 5). Despite more than two years of litigation, as well as a full jury
6   trial in the Bosley Action, Kubicek argued that it was unable to plead more specific facts
7   regarding infringement because it had an inadequate opportunity to conduct discovery. We
8   rejected the argument, finding that throughout these lengthy proceedings, Kubicek had more
9   than ample opportunity to frame its Complaint in such as way as to satisfy the minimal
10  pleading standards of Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009).
11  Its failure to do so supports the finding that Kubicek's copyright claims asserted against
12  Bashas' were objectively unreasonable. Therefore, because an award will advance the
13  purposes of the Act, we conclude that Bashas' is entitled to recover its reasonable attorney's
14  fees under 17 U.S.C. § 505.

**III**

16  Bashas' seeks fees and nontaxable costs in the total amount of $109,866.81, including
17  charges by two law firms–Burch and Cracchiolo, Bashas' general legal counsel, and Mesch,
18  Clark & Rothschild, Bashas' bankruptcy counsel.

19  We will only allow "reasonable" attorney's fees under the Copyright Act. See 17
20  U.S.C. § 505. Two lawyers in the Mesch, Clark & Rothschild law firm, Michael McGrath
21  and Scott H. Gan, bill at rates of $545 and $450 an hour, respectively. We find that these
22  rates are excessive in comparison to the average hourly rate of $300 in the Phoenix market.
23  Therefore, considering the number of hours billed by McGrath and Gan, we reduce the
24  requested attorney's fee award by $7,000.

25  We also find several of Kubicek's objections to the claimed fees persuasive. First,
26  we agree that there are multiple instances of improper block billing. An example of the many
27  instances include entries on 7/10/12, 12/12/11, 3/21/12, 1/15/13, 4/9/13, 4/16/13, and
28  4/17/13. The inadequate documentation makes it difficult, if not impossible to determine the

- 3 -

1  reasonableness of the fees claimed. We will accordingly reduce the requested fees for
2  improper block billing by $10,000.

3  We also agree that there are numerous instances of billing for ministerial duties. Fees
4  charged for tasks that are clerical or ministerial in nature are not compensable. Therefore,
5  we will reduce the fee award by $5,000.

6  Finally, we agree with Kubicek that the billing statements include duplicate billing
7  by multiple lawyers. This is due in large part to the fact that, between the two law firms, no
8  less than seven lawyers worked on this case, with multiple lawyers often billing for
9  performing the same work or attending the same meetings. Counsel have an obligation to
10 exercise billing judgment to eliminate duplicate or excessive fees, particularly where so many
11 lawyers are participating in the same case. The fee request will be reduced in the amount of
12 $6,000 for excessive, duplicate billing.

## IV

14 Based on the foregoing, **IT IS ORDERED GRANTING** Bashas' motion for an
15 award of attorney's fees and nontaxable costs (doc. 23), and **AWARDING** Bashas' total fees
16 and costs in the amount of $81,866.81.

17 DATED this 12th day of September, 2013.

*Frederick J. Martone*
Frederick J. Martone
Senior United States District Judge